WRIGHT and others *against* MILLER and others.

*Bill to annul fraudulent decrees ; trust deed.*

HANNAH RYERSON, on the 12th September, 1809, being seized in fee of an undivided quarter of a large real estate, in and near the city of New York, by deed of that date, reciting that being unable to take the care, burthen and management thereof, except by a trustee, she was desirous to make partition, &c., "and to make provision for a suitable and permanent support and maintenance out of the same for herself during her natural life, free from the control of any other person or persons, and to secure the residue to such children and heirs as she might have, and afterwards to the children of her brother Samuel, in case she should die without

leaving any child or children her surviving ;" conveyed the same in fee to Robert Campbell, in trust that he should "with her consent in her lifetime, or after her decease, absolutely sell and dispose of," or lease, so much of the same as should or might be necessary to defray all expenses of her education and support, and the improvement of the estate, and the fulfilment of the purposes thereby intended, and after paying expenses of improvements, &c., "forthwith from time to time pay over the residue thereof *for and towards her reasonable support and maintenance, as she might require the same,*" and the residue, if any, to be invested, &c.; and after her decease to be applied to the education, support and maintenance of such child or children as she might leave her surviving ; and if she should die without leaving surviving children, then the remainder to go to the children of her brother, Samuel Ryerson ; and for want of such children, to the trustee in fee.

Soon after the execution of that deed, the grantor married the defendant, Ezra W. Miller, and between 1812 and 1820, Miller and his wife, then having several infant children, conveyed to two persons, by separate deeds, without consideration, nearly all the real estate conveyed by the trust deed to Campbell. The grantees filed bills against Mr. and Mrs. Miller, and their infant children (now complainants), and the trustee, and the infant children of Samuel Ryerson, and obtained by fraud (Miller acting as guardian *ad litem* of his infant children), decrees for the conveyance by the trustee to the grantees of Mr. and Mrs. Miller, and he conveyed accordingly. Those grantees immediately reconveyed the property to Miller in fee.

The bill in this cause was filed in 1834, by two of the children of Mr. and Mrs. Miller, after their arrival at the age of 21 years, and the husband of one of them, against Mr. and Mrs. Miller, and Campbell, the trustee, to annul the fraudulent decrees, and to secure the trust

property so far as it could be reached; to compel Mr. Miller to account for what he had received; and in case of his inability, to compel Campbell, the trustee, to account for what he had, and might have received; and to have the whole placed under the trusts contained in the original trust deed, in the hands of a trustee to be appointed by the court.

The validity of the decrees was insisted on by the defendants, and it was also claimed, that by the terms of the trust deed, Mrs. Miller reserved to herself the entire dominion and equitable ownership of the whole property, and that the intended limitations over were therefore void, as inconsistent with her absolute estate; and if that were not so, that she took an equitable estate tail, which gave her immediately the absolute interest in the whole property.

The Assistant Vice-Chancellor (Sandford) sustained the bill, and granted, substantially, the relief prayed for. The Supreme Court reversed his decree, and dismissed the bill. This court reversed the decree of the Supreme Court, and affirmed that made by the assistant Vice-Chancellor; and, in so doing,—*Held*, that the decrees in favor of the grantees of Miller and wife were not conclusive upon the rights of the complainants; and [the fraud having been established] that they were properly declared void.

That by the terms of the trust deed, Mrs. Miller did not reserve dominion over the whole estate, but only over so much as was requisite for her education and maintenance.

That although the whole might be required for that purpose, yet, as the deed contemplated a surplus, the limitations over of such surplus were valid.

That the deed did not give to Mrs. Miller an equitable estate tail; the words "child" and "children," as used therein, being clearly intended as words of purchase, and not of limitation.

That, although the complainants had no present right of possession, they had a vested interest in the estate, which entitled them to the aid of the court for its protection.

(See 1 Sandf. Ch. R. 103; 4 Barb. 600; 8 N. Y. 9, S. C.)